UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAMORAK INSURANCE COMPANY, | * | |
| as successor to Commercial Union | * | |
| Insurance Company, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-13425-IT |
| | * | |
| EVEREST REINSURANCE CO. f/k/a | * | |
| Prudential Reinsurance Company, | * | |
| | * | |
| Defendant. | * | |

ORDER

December 28, 2016

TALWANI, D.J.

This court hereby orders that the Parties' Stipulated Protective Order [#32] is ALLOWED. Paragraph 5 of the parties' Stipulated Protective Order, provides that a party may file discovery material that has been designated confidential under seal. The court notes that the party filing the material has the burden to show sealing proper without regard to the confidential designation.

This court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents,[1] "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'"[2] The burden is thus on the impoundment-seeking party to

---

[1] United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)).

[2] Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)).

show that impoundment will not violate the public's presumptive right of access.[3] For that reason, when seeking to file under seal any confidential information, a party must show this court good cause for the impoundment.[4] Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'"[5] as to why a document should be sealed.[6] This court "will not enter blanket orders" for impoundment.[7]

IT IS SO ORDERED.

December 28, 2016                                             /s/ Indira Talwani
                                                              United States District Judge

---

[3] See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002))); Miller v. City of Bos., 549 F. Supp. 2d 140, 141 (D. Mass. 2008) ("The proponent of a Protective Order bears the burden of establishing 'good cause' for its continuation." (internal citation omitted)).

[4] See Kravetz, 706 F.3d at 60.

[5] Id. (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)).

[6] See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).

[7] L.R. 7.2(e).