UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAMORAK INSURANCE COMPANY, as successor to Commercial Union Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> EVEREST REINSURANCE CO. f/k/a Prudential Reinsurance Company, <br><br> Defendant. | Docket No. 15-cv-13425-IT |

**ORDER ON DEFENDANT EVEREST'S MOTION TO COMPEL PRODUCTION
(DKT. 44)**

**CABELL, U.S.M.J.**:

Now pending is the defendant's motion to compel responses to discovery (Dkt. No. 44). The Court has considered the parties' papers and the information adduced at a hearing on May 25, 2017. Some matters were fully resolved at the hearing.[1] Regarding the matters that were not fully resolved, the Court now orders as follows:

---

[1] In particular, Lamorak represented that it searched for but could not locate any documents responsive to Everest's request for documents maintained in Lamorak's Special Risks Office that relate to the facultative certificates. There appeared to be agreement that Everest should and could seek additional discovery through deposition if it wished to explore why Lamorak was unable to locate any responsive information. The Court therefore denied this request. With respect to another request seeking additional information to assess Lamorak's assertion of privilege with respect to two items on Lamorak's redaction log, the Court and Everest accepted Lamorak's representation in court that the communications at issue were from counsel to counsel, and related to the present litigation.

The defendant's request for documents relating to Lamorak's allocation of Alcoa asbestos losses to its reinsurers is ALLOWED in part and DENIED in part. Lamorak shall produce the facultative certificates for the few similarly situated reinsurers within the same block as Everest. To the extent Everest seeks documents relating to Lamorak's many other unrelated reinsurance agreements outside of the block, the request is DENIED. Everest contends that discovery of these agreements could yield potentially relevant information but could not otherwise articulate what this information might be. In addition, Lamorak has represented to the Court's satisfaction that the effort required to locate and produce this information would be unduly time consuming and burdensome.

Finally, Everest's request that Lamorak produce unredacted copies of documents that Lamorak previously produced in redacted form to conceal information related to other reinsurance agreements, which Lamorak contends is not relevant to this lawsuit, is DENIED where the parties agree that the information sought via this request is the same sort of information referenced in the preceding paragraph.

SO ORDERED.

/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED: May 26, 2017